IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ALEX J. SANNER,**

                      **Plaintiff,**

        **v.**                                **CASE NO. 18-3181-SAC**

**RILEY COUNTY POLICE,**

                      **Defendant.**

**NOTICE AND ORDER TO SHOW CAUSE**

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed this action while held in the Larned State Hospital. He proceeds pro se, and the Court grants leave to proceed in forma pauperis.

**Nature of the Complaint**

The complaint alleges broadly that the police have taken everything plaintiff owns. Plaintiff does not specifically identify the date or time of any events, nor does he name individual defendants. Instead, the complaint describes apparently unrelated incidents, such as unspecified harassment by Riley County police, that "Tim McViegh and John Doe pulled a 45 on [him] the night before th[e] bomb", that he was arrested after police found methamphetamine in his hotel room, that three Army deserters hit him over the head with military pistols and robbed him, and that he has lost property to Riley County police including vehicles and false teeth. Plaintiff seeks damages.

**Discussion**

A pro se plaintiff's complaint is broadly construed, and the Court applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the

liberal construction afforded pro se pleadings "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in a complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

The Tenth Circuit has observed that the U.S. Supreme Court's decisions in *Twombly* and *Erickson* set out a new standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii). *See Key v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Following those decisions, courts "look to the specific allegations in the

complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and internal citations omitted). A plaintiff "must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In this context, "plausible" refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (citing *Twombly* at 1974).

As presented, the complaint does not provide specific allegations to support a claim for legal relief. Plaintiff makes only bare claims, appears to mix unrelated claims, and fails to supply sufficient detail to identify how and by whom his rights were violated, when this occurred, the harm caused, and what constitutional right he believes was infringed. Plaintiff will be directed to submit an amended complaint to cure these defects. The amended complaint must be submitted on a Court-approved form, and plaintiff must fully complete that form. The amended complaint must provide the full name of each individual defendant he sues under 42 U.S.C. § 1983. *See Sutton v. Utah State Sch. For the Deaf & Blind*, 173 F.3d 1226, 1237 (10th Cir. 1999)(stating that "a cause of action under § 1983 requires a deprivation of a civil right by a 'person' acting under color of state law"). The names in the caption of the amended complaint must be identical to those contained in the body of the complaint, and plaintiff must explain how each defendant participated in the deprivation of his rights. Finally, plaintiff must provide sufficient information for service of process. *See Fields v. Okla. State*

*Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007) ("It is the plaintiff's responsibility to provide the United States Marshal with the address of the person to be served[.]" (citation omitted)); *Pemberton v. Patton*, 673 F. App'x 860, 864 (10th Cir. 2016) ("[T]he Marshals Service is not responsible for lack of service where a plaintiff does not provide correct information required for service.").

IT IS, THEREFORE, BY THE COURT ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted.

IT IS FURTHER ORDERED that on or before **March 31, 2020,** plaintiff shall submit an amended complaint that complies with the directions contained in this order. The Clerk of the Court shall transmit a form pleading to plaintiff with this order. The failure to provide an amended complaint as directed may result in the dismissal of this matter without additional prior notice.

**IT IS SO ORDERED.**

DATED: This 3d day of March, 2020, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge